IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**EDWARD JEROME WHITE**                                      **PLAINTIFF**
**ADC #108286**

v.                      No: 5:19-cv-00103 KGB-PSH

**DARRELL ELKINS,** *et al.*                                 **DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following proposed Recommendation has been sent to United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Plaintiff Edward Jerome White filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on March 22, 2019, while incarcerated at the W.C. "Dub" Brassell Adult Detention Center (Doc. No. 2). White was ordered to file an amended complaint describing how he was injured and why he sues defendants in their official capacities. Doc. No. 3. White filed an amended complaint on April 10, 2019, indicating he is suing defendants in their official capacities only. *See* Doc. No. 4. For the reasons stated herein, White's claims should be dismissed for failure to state a claim upon which relief may be granted.

### I. Screening Standard

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A.  Rule 8 of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004).  A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 570.  However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

### II. Analysis

White sues defendants in their official capacities. *See* Doc. No. 4 at 2 & 7.  Official capacity claims are "functionally equivalent to a suit against the employing governmental entity." *Veach v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010).  Thus, a suit against the defendants in their official capacities is in essence a suit against the County or city itself. *See Murray v. Lene*, 595 F.3d 868 (8th Cir. 2010); *Liebe v. Norton*, 157 F.3d 574 (8th Cir. 1998).  A municipality cannot be held liable on the basis of *respondeat superior*, or simply by virtue of being the employer of a tortfeasor. *Atkinson v. City of Mountain View, Mo.*, 709 F.3d 1201 (8th Cir.

2013).  Accordingly, the defendant county employees can only be held liable in their official capacities in this case if White can establish that a constitutional violation was committed pursuant to "an official custom, policy, or practice of the governmental entity."  *Moyle v. Anderson*, 571 F.3d 814, 817 (8th Cir. 2009).

White complains that defendant Dr. Elkins recklessly discussed his medical condition in front of other inmates in defendant Lewis' presence.  Doc. No. 4 at 4-7.  White further alleges that defendant Johnson failed to take corrective action.  *Id.*  White does not assert that a custom or policy of Jefferson County was the moving force behind the claimed violations of his constitutional rights.  Accordingly, White's complaint fails to state a claim upon which relief may be granted and should be dismissed.

Additionally, the facts alleged by White fail to state an actionable constitutional claim.  Although he claims the disclosure of his personal medical information caused him mental distress and harmed his marriage, he does not allege sufficient facts to state a claim that defendants were deliberately indifferent to a substantial risk of serious harm.  *See Irving v. Dormire,* 519 F.3d 441, 447 (8th Cir. 2008) (To succeed on a failure-to-protect claim, plaintiff must show that there was a substantial risk of serious harm to him and that defendants were deliberately indifferent to that risk.); *Jones v. Wallace*, 641 Fed. Appx. 665, 666 (8th Cir. 2016) ("[T]he deprivation alleged must be, objectively, 'sufficiently serious.'").

### III. Conclusion

For the reasons stated herein, it is recommended that:

1. White's complaint be dismissed without prejudice for failure to state a claim upon which relief may be granted.

  2. Dismissal of this action count as a "strike" within the meaning of 28 U.S.C. § 1915(g).

  3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the order adopting this recommendation and accompanying judgment would not be taken in good faith.

  IT IS SO RECOMMENDED this 29th day of April, 2019.

            _____
            UNITED STATES MAGISTRATE JUDGE